**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

|  |  |
|---|---|
| LISA BRANDON, | **Case No.:** 3:22-cv-01403-SAL |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | 1. **TCPA, 47 U.S.C. § 227,** |
| CAPITAL ONE BANK, | 2. **SCCPA, South Carolina Consumer Protection Act** |
| Defendant. | 3. **Invasion of Privacy - Intrusion Upon Seclusion** |

**COMPLAINT FOR DAMAGES**

Plaintiff, Lisa Brandon ("Plaintiff"), through her attorneys, alleges the following against Capital One Bank, ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the South Carolina Consumer Protection Code ("SCCPC"), S.C. Code Ann § 37-5-108, which prohibits unconscionable conduct in collecting a debt. Unconscionable conduct under

the statute includes "caus[ing] a telephone to ring repeatedly during a twenty-four-hour period. . ." S.C. Code Ann § 37-5-108(5)(vii).

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## PARTIES

4. Plaintiff is a natural person residing in West Columbia, Lexington County, South Carolina.

5. Defendant Capital One Bank is a financial services corporation engaged in the business of giving credit cards, personal loans and offering other financial services. Capital One Bank's principal place of business is located at 1680 Capital One Drive, McLean, VA 22102-3491. Defendant can be served with process through its registered agent Corporation Service Company located at 100 Shockoe Slip, 2nd Floor, Richmond, Virginia, 23219.

6. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

7. Jurisdiction of the court arises under 28 U.S.C. §§ 1331, 1332, and 1367; as well as 47 U.S.C. § 227.

8. Plaintiff also brings this complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship (Plaintiff is a citizen of South Carolina and Defendant is a citizen of Nevada) and the amount in controversy exceeds $75,000.

9. Venue is proper pursuant to 28 U.S.C. § 1392(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

10. Defendants transact business here; therefore, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

11. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

12. In or around January of 2021, Capital One Bank began calling Plaintiff on her cellular telephone ending in 9393 in an attempt to collect an alleged debt.

13. The calls originated mainly from the following telephone numbers: (800) 955-6600, (800) 435-1415, and (800) 388-5333.

14. Upon information and belief, these telephone numbers are owned, operated, or controlled by Capital One Bank or its agent(s).

15. Upon information and belief, the telephone system used by Capital One Bank to call Plaintiff's cellular telephone "use[s] a random generator to determine the order in which to pick phone numbers from a preproduced list" and "then store[s] those

numbers to be dialed at a later time." *Facebook, Inc. v. Duguid,* 141 S. Ct. 1163, 1175 n.7 (2021).

16. Upon information and belief, Capital One Bank's system used to call Plaintiff will continuously reorder the phone numbers to call from a stored list during a campaign, based on certain rules, such as time of day, geography, whether the consumer answers, etc.

17. Upon information and belief, Capital One Bank's system used to call Plaintiff has the capacity to store a telephone number using a random or sequential number generator.

18. Upon information and belief, Capital One Bank's system used to call Plaintiff has the capacity to produce a telephone number using a random or sequential number generator.

19. Plaintiff answered a call from Capital One Bank in January 2021 whereby she asked Capital One to only contact her by mail because of her financial difficulties.

20. Before answering that call, Plaintiff experienced a long pause, which indicates the use of an automated dialer.

21. On or about March 11, 2021, at 8:47 a.m., Plaintiff called the Defendant to obtain the status of her account and spoke with "Tori," representing Capital One.

22. Capital One Bank's representative, Tori, informed Plaintiff that her account was 55 days past due.

23. Plaintiff informed the collection agent that she was facing financial hardship and that going forward she was only to be contacted by mail.

24. Capital One Bank's representative told Plaintiff "as long as you're past due you will receive calls".

25. Plaintiff clearly advised Capital One Bank's representative that if Capital One Bank wanted to communicate with her, it must do so only by mail, thereby revoking consent for Capital One Bank to call Plaintiff's cellular telephone.

26. Despite Plaintiff expressly informing Capital One Bank to not call her and that she could not pay at the time, Capital One Bank continued harassing Plaintiff for a payment.

27. During the four-month period between January 1, 2021 and July 31, 2021, Defendant called Plaintiff no less than eighty (100) times after Plaintiff had revoked consent to be called.

28. Capital One Bank called virtually every day.

29. Capital One Bank called Plaintiff at all times during the day, from as early as 9:00 am to as late as 9:00 pm.

30. Capital One Bank called Plaintiff and delivered many prerecorded or artificial voice messages at least twice a day, constantly filling up Plaintiff's voicemail.

31. Upon information and belief, Capital One Bank's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

32. Upon information and belief, Capital One Bank's called third parties in its attempts to collect the debt allegedly owed by Plaintiff.

33. Upon information and belief, Capital One Bank is familiar with the TCPA and SCCPA.

34. Capital One Bank's conduct was not only done willfully but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt or pay more than she was able to.

35. Each and every one of Capital One Bank's telephone calls caused Plaintiff distraction, annoyance, frustration, and temporary loss of use of her telephone line.

36. Plaintiff was unable to work due to a work injury and the constant calls disrupted her healing process.

37. Plaintiff's mother witnessed all the calls and saw the amount of stress the harassment caused Plaintiff and worried about Plaintiff's mental health.

38. Capital One Bank's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Capital One Bank's conduct was especially unreasonable because it called relentlessly shortly after Plaintiff had explained that she could not pay at the time and expressly revoked consent to be called.

39. As a result of Capital One Bank's conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, loss of sleep, headaches, embarrassment, anguish, difficulty in relationships, severe emotional and mental pain.

40. Plaintiff takes medication for anxiety and the continuous phone calls have exacerbated her anxiety and caused restless nights and headaches.

**COUNT I**
**Defendant's Violations of the TCPA, 47 U.S.C. § 227**

41. Plaintiff incorporates by reference all of the above factual allegations as fully stated herein.

42. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

43. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to declaratory judgment that Capital One Bank's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one

thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of SCCPC, S.C. Code Ann § 37-5-108(2))

44. Plaintiff incorporates herein by reference the factual allegations of this complaint as though fully set forth herein at length.

45. Defendant violated the SCCPC. Defendant's violations include, but are not limited to, the following:

46. Capital One Bank violated the SCCPC by engaging in unconscionable conduct in collecting a debt, which includes communicating "with anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the attorney of the creditor or debt collector, unless the consumer or a court of competent jurisdiction has given prior direct permission." S.C. Code Ann § 37-5-108(5)(b)(iv).

47. Defendant violated the SCCPC by engaging in unconscionable conduct in collecting a debt, which includes "caus[ing] a telephone to ring repeatedly during a twenty-four-hour period…" S.C. Code Ann § 37-5-108(5)(b)(vii).

48. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

49. As a result of the foregoing violations of the SCCPC, Defendant is liable to Plaintiff for actual damages in the amount of up to $1,000 under S.C. Code Ann. § 37-5-108(2).

## COUNT III
### Violation Of Invasion Of Privacy

**(Intrusion upon Seclusion)**

50. Plaintiff incorporates herein by reference the factual allegations of this complaint as though fully set forth herein at length.

51. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

52. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

53. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

54. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

55. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, Lisa Brandon, respectfully requests judgment be entered against Defendant, Capital One Bank, for the following:

A. Declaratory judgment that Defendants violated the TCPA and SCCPA;

- 9 -

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

D. Actual damages fees pursuant to S.C. Code Ann. § 37-5-108(2);

E. Actual damages, costs, and attorney's fees pursuant to S.C. Code Ann. § 39-5-140;

F. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

G. Actual and punitive damages for Capital One Bank's intrusion upon Plaintiff's seclusion;

H. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted May 2, 2022

/s/ Dawn M. McCraw
Dawn M. McCraw
(SCB #105059)
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (818) 600-5485
E: dawn@pricelawgroup.com
*Attorneys for Plaintiff*
*Lisa Brandon*